FILED
2019 JAN 2 PM 12:57
CLERK
U.S. DISTRICT COURT

Amy J. Oliver (8785)
olivera@sec.gov
Daniel J. Wadley (10358)
wadleyd@sec.gov
Attorneys for Plaintiff
Securities & Exchange Commission
351 South West Temple, Suite 6.100
Salt Lake City, Utah 84101
Telephone: 801-524-5796
Facsimile: 801-524-3558

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>PLAINTIFF,<br><br>v.<br><br>JERSEY CONSULTING LLC, a Nevada limited liability company, MARC ANDREW TAGER, an individual, MATTHEW EARL MANGUM, an individual, SUZANNE AILEEN GAGNIER, an individual, KENNETH STEPHEN GROSS, an individual, JONATHAN EDWARD SHOUCAIR, an individual, EDWARD DEAN GOSS, an individual, and NICHOLI MANDRACKEN, an individual,<br><br>DEFENDANTS; and<br><br>PREMIER MARKETING SOLUTIONS, INC., a California corporation, EQUITY FIRST PROPERTIES INC., a California corporation, EEE MEDIA, INC., a California corporation, XYZ LEADS, INC., a Wyoming corporation, U TURN MARKETING, INC., a Florida corporation, MATTHEW JACOB FREITAS, an individual, ROXANE MARIE GROSS, an individual, and CHRISTINE L. SHOUCAIR, an individual,<br><br>RELIEF DEFENDANTS. | Civil No.:  2:18-cv-00155<br><br>**ORDER OF DEFAULT JUDGMENT AGAINST DEFENDANT KENNETH STEPHEN GROSS AND RELIEF DEFENDANT ROXANE MARIE GROSS**<br><br>Judge: Bruce S. Jenkins |

1

The Court having reviewed the Securities and Exchange Commission's (the "Commission") Motion for Default Judgment against Defendants Kenneth Stephen Gross, Jonathan Edward Shoucair, and Edward Dean Goss ("Defendants") and Relief Defendants Equity First Properties Inc., EEE Media, Inc., XYZ Leads, Inc., U Turn Marketing, Inc., Roxane Marie Gross, and Christine L. Shoucair ("Relief Defendants") and good cause appearing makes the following findings of fact:

## FINDINGS OF FACTS

1. Since September 2014, Defendant Jersey Consulting LLC ("Jersey") and its principal, convicted felon, Defendant Marc Andrew Tager ("Tager"), with the assistance of solicitors, Defendants Kenneth Stephen Gross ("K. Gross"), Jonathan Edward Shoucair ("J. Shoucair") and Edward Dean Goss ("Goss"), raised at least $6 million from at least 84 investor households via the offer and sale of Jersey securities.

2. Defendants falsely represented to investors that (a) Jersey had developed a unique and proprietary "soil remediation" and precious metals ore extractions process that allowed Jersey to profitably extract precious metals from soil obtain from Jersey's 80-acre Bureau of Land Management ("BLM") claim; (b) investor funds would be used to fund Jersey's operations, increase soil remediation and refining activities, expand marketing and sales efforts, and provide working capital for overall corporate operations; (c) Jersey's securities were secure and protected because they were backed by Jersey's physical assets and current revenues; and (d) investors would "double" their money with a return of 100% or more in twelve months or less.

3.  Defendants misrepresented to investors and/or omitted to disclose to investors that, among other things, Jersey was owned and operated by a convicted felon (Tager), Jersey had no BLM claims, Jersey's technology was not commercially viable, Jersey had no material revenues, the value of Jersey's physical assets was insufficient to secure Jersey investors, Jersey funds were dissipated through personal use by Jersey principals and some Jersey investors were repaid with funds raised from subsequent Jersey investors.

4.  Because Jersey had no material revenue, Jersey and Tager, when repaying capital and returns to certain investors, necessarily used later investor funds to fund the distributions, contrary to representations made to Jersey investors.

5.  Defendants distributed testimonials from at least four investors who received some repayment to prospective investors to induce them into a false sense of security concerning the Jersey securities offering.

6.  Defendants disseminated a number of Jersey newsletters to both existing and prospective investors in Jersey securities.  The newsletters purported to provide updates as to the progress and continual development of Jersey's ore extraction system and business but also contained material misstatements and omissions designed to falsely lull investors into believing that their investments in Jersey were still on-track to perform.

7.  Defendants also made oral statements to lull investors into a false sense of security about their Jersey investments by telling them that Jersey needed an extension to make the payments owed to investors because Jersey was starting to build its own refinery, was integrating refining into their own operation, and/or was working on the sale of its intellectual property to a variety of foreign investors.

8.  No registered statement has been filed with the Commission as to any offering of securities by Jersey.

9.  Defendants K. Gross, J. Shoucair and Goss engaged in a general solicitation of Jersey securities.

10. Defendants K. Gross, J. Shoucair and Goss sold Jersey securities to investors who were not accredited investors, as defined in Rule 501(a) of Regulation D [17 C.F.R. § 230.501(a)], and did not take reasonable steps to verify that investors were accredited.

11. Defendants K. Gross, J. Shoucair and Goss are not and were neither registered with the Commission as brokers nor associated with entities that were registered with the Commission as brokers during the period of their solicitation of Jersey securities.

12. Defendants K. Gross, J. Shoucair and Goss were acting as brokers in connection with the offer and sale of Jersey securities by actively soliciting investors on behalf of Jersey and directly or indirectly, received transaction-based compensation from investor purchases.

13. Relief Defendants EEE Media, Equity First, XYZ Leads, U Turn Marketing, R. Gross, and C. Shoucair received ill-gotten funds due and owing to certain solicitors from Jersey and Tager in connection with the illegal offer and sale of Jersey securities to investors.

14. None of the Relief Defendants has a legitimate claim to any of the funds they received from or because of Jersey or Tager and arising from Jersey's and Tager's illegal activities in connection with its illegal offer and sale of Jersey securities to investors.

15. Defendants K. Gross and J. Shoucair were the subjects of injunctions against engaging in such conduct and K. Gross was also the subject of a Commission bar against, among other things, acting as a broker.

16. The Commission filed a Complaint against K. Gross and Relief Defendant R. Gross, among others, on February 20, 2018.

17. The Commission filed an Amended Complaint against K. Gross and Relief Defendant R. Gross, among others, on August 14, 2018.

18. On February 20, 2018, K. Gross and R. Gross were served with the Summons and the Complaint filed by the Commission in this action.

19. The affidavits of service were provided to the Court on March 5, 2018.

20. On April 23, 2018, the Clerk of the Court entered Default Certificates against K. Gross and R. Gross who both failed to answer the Complaint.

21. To date, neither K. Gross nor R. Gross have filed responses to the allegations contained in the Commission's Complaint.

22. No stipulation for an extension of time was entered into between the Commission and K. Gross or R. Gross allowing further time in which to respond to the Complaint.

23. Neither K. Gross nor R. Gross is an infant or incompetent person, nor are they in the military service of the United States.

It appearing that the Court has personal jurisdiction over Defendant Kenneth Stephen Gross and Relief Defendant Roxane Marie Gross and subject matter and there being no just reason for delay:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Kenneth Stephen Gross is permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Default Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Kenneth Stephen Gross is permanently restrained and enjoined from violating, directly or indirectly,

6

Sections 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce, or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would  operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Default Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Kenneth Stephen Gross is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

7

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Default Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Kenneth Stephen Gross is permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] through use of the means or instruments of transportation or communication in interstate commerce or the mails, acting as a broker and/or effecting transactions in, and inducing or attempting to induce the purchase or sale of, securities (other than an exempted security or commercial paper, bankers' acceptances or commercial bills) without being registered with the Commission in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Default Judgment by personal service or otherwise:  (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Kenneth Stephen Gross is permanently restrained and enjoined from directly or indirectly violating Section 15(b)(6)(B)(i) of the Exchange Act [15 U.S.C. § 78o(b)(6)(B)(i)] by willfully becoming associated with a broker or dealer in contravention of an order by the Commission to bar him from being associated with a broker or dealer.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Default Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Kenneth Stephen Gross and Relief Defendant Roxane Marie Gross are, jointly and severally, liable for disgorgement of $132,937.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $23,077.03, for a total of $156,014.03.  Defendant Kenneth Stephen Gross and Relief Defendant Roxane Marie Gross shall satisfy this obligation by paying $156,014.03 within 14 days after entry of this Default Judgment

K. Gross and R. Gross may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be

made directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  K. Gross and R. Gross may also pay by certified

check, bank cashier's check, or United States postal money order payable to the Securities and

Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; K. Gross and R. Gross as a defendant/relief defendant in this action; and specifying

that payment is made pursuant to this Default Judgment.

K. Gross and R. Gross  shall simultaneously transmit photocopies of evidence of payment

and case identifying information to the Commission's counsel in this action.  By making this

payment, K. Gross and R. Gross  relinquish all legal and equitable right, title, and interest in such

funds and no part of the funds shall be returned to K. Gross and R. Gross.

The Commission may enforce the Court's judgment for disgorgement and prejudgment

interest by moving for civil contempt (and/or through other collection procedures authorized by

law) at any time after 14 days following entry of this Default Judgment.  K. Gross and R. Gross

shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The

Commission shall hold the funds, together with any interest and income earned thereon

(collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's

approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund

provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain

jurisdiction over the administration of any distribution of the Fund.  If the Commission staff

10

determines that the Fund will not be distributed, the Commission shall send the funds paid

pursuant to this Default Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be

paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the

government for all purposes, including all tax purposes.  To preserve the deterrent effect of the

civil penalty, K. Gross and R. Gross shall not, after offset or reduction of any award of

compensatory damages in any Related Investor Action based on K. Gross' and R. Gross'

payment of disgorgement in this action, argue that they are entitled to, nor shall they further

benefit by, offset or reduction of such compensatory damages award by the amount of any part

of K. Gross' payment of a civil penalty in this action ("Penalty Offset").  If the court in any

Related Investor Action grants such a Penalty Offset, K. Gross and R. Gross shall, within 30

days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in

this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair

Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil

penalty and shall not be deemed to change the amount of the civil penalty imposed in this

Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages

action brought against K. Gross and R. Gross by or on behalf of one or more investors based on

substantially the same facts as alleged in the Complaint in this action.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Kenneth

Stephen Gross shall pay a civil penalty in the amount of $ 20,006 ͦͦ pursuant to Section

20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act.  Defendant shall make this

payment within 14 days after entry of this Default Judgment by certified check, bank cashier's

11

check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying Kenneth Stephen Gross as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Default Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

VIII.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after being served with a copy of this Default Judgment, JP Morgan Chase shall transfer the entire balance of the following JP Morgan Chase account which was frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Kenneth Stephen Gross | *2293 |

JP Morgan Chase may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. JP Morgan Chase also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Default Judgment.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by K. Gross, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by K. Gross under this Default Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by K. Gross of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Default Judgment.

XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to issue an Order of Default Judgment forthwith and without further notice.

IT IS SO ORDERED.

Dated: 12/21        , 2018

JUDGE BRUCE S. JENKINS
UNITED STATES DISTRICT JUDGE

13