FILED
2019 JUN 21 PM 1:45
CLERK
U.S. DISTRICT COURT

Amy J. Oliver (8785)
olivera@sec.gov
Daniel J. Wadley (10358)
wadleyd@sec.gov
Attorneys for Plaintiff
Securities and Exchange Commission
351 South West Temple, Suite 6.100
Salt Lake City, Utah 84101
Tel. 801-524-5796

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>PLAINTIFF,<br>v.<br><br>JERSEY CONSULTING LLC, a Nevada limited liability company, MARC ANDREW TAGER, an individual, MATTHEW EARL MANGUM, an individual, SUZANNE AILEEN GAGNIER, an individual, KENNETH STEPHEN GROSS, an individual, JONATHAN EDWARD SHOUCAIR, an individual, EDWARD DEAN GOSS, an individual, and NICHOLI MANDRACKEN, an individual,<br>DEFENDANTS; and<br><br>PREMIER MARKETING SOLUTIONS, INC., a California corporation, EQUITY FIRST PROPERTIES INC., a California corporation, EEE MEDIA, INC., a California corporation, XYZ LEADS, INC., a Wyoming corporation, U TURN MARKETING, INC., a Florida corporation, MATTHEW JACOB FREITAS, an individual, ROXANE MARIE GROSS, an individual, and CHRISTINE L. SHOUCAIR, an individual,<br>RELIEF DEFENDANTS. | Case No.: 2:18-cv-00155<br><br>Judge: Bruce S. Jenkins<br><br>**NUNC PRO TUNC FINAL JUDGMENT AS TO DEFENDANT MARC ANDREW TAGER** |

The Securities and Exchange Commission having filed a Complaint and Defendant Marc Andrew Tager having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VIII); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)  to employ any device, scheme, or artifice to defraud;

(b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers,

agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C.

§ 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)], through use of the means or instruments of transportation or communication in interstate commerce or the mails, acting as a broker and/or effecting transactions in, and inducing or attempting to induce the purchase or sale of, securities (other than an exempted security or commercial paper, bankers' acceptances or commercial bills) without being registered with the Commission in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from participating directly or indirectly, including, but not limited to, through any entity owned or controlled by him, in the issuance, purchase, offer, or sale of any security provided, however, that such injunction shall not prevent him from purchasing or selling securities for his own personal account.

VI.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after being served with a copy of this Judgment, JP Morgan Chase entire balance of the following JP Morgan Chase account(s) which were frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Marc Andrew Tager | *9026 |

JP Morgan Chase may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. JP Morgan Chase also may transfer these funds by

certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Judgment.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is jointly and severally liable with Jersey Consulting for disgorgement of $8,820,460, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $503,508, for a total of $9,323,968. Defendant's $9,323,968 payment obligation shall be offset by the amount of the Order of Restitution and/or Forfeiture entered against Defendant in *United States v. Tager*, No. 2:18-cr-00097-DB (D. Utah).

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: 6/21/ , 2019

_____
UNITED STATES DISTRICT JUDGE